**FILED**

JAN 2 2 2008
JAN 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FORTUNA GRASSANO,

        Plaintiff,

      v.

SERUMIDO, LTD, an Illinois
Corporation,

        Defendant.

**08CV458
JUDGE SHADUR
MAG. JUDGE NOLAN**

  )  State Court No. 2007 L 013496
  )
  )
  )
  )

## NOTICE OF REMOVAL

Defendant, Serumido Ltd., by its attorneys, Miller, Canfield, Paddock & Stone,

pursuant to 28 U.S.C. §1441 et seq., removes Case No. 2007 L 013496, entitled *Fortuna*

*Grassano v. Serumido, Ltd.*, pending in the Circuit Court of Cook County, Illinois, Law

Division, to the United States District Court for the Northern District of Illinois. A copy

of the Complaint and Summons served on Defendant is attached hereto as Exhibit A.

These papers are the only documents filed in the matter in the State Court.

The Complaint is one over which the federal court has federal question subject

matters jurisdiction pursuant to 28 U.S.C. § 1331, and thus could have originally been

brought in this Court. Specifically, Count II of the Complaint alleges that Plaintiff was

terminated from employment in retaliation for her having complained that she believed

Defendant violated the federal Fair Labor Standards Act ("FLSA") by the manner in

which she was paid.. At paragraph 10 of Count II, Plaintiff alleges: "Defendant

terminated plaintiff as a proximate result of and in retaliation for plaintiff having

exercised her rights under the FLSA." This allegation asserts a cause of action arising under federal law in that the FLSA expressly prohibits employers for discharging or otherwise retaliating against employees for complaining regarding violations of the FLSA. 29 U.S.C. § 215(c)(3). Thus the Complaint asserts a claim that arises under the laws and statutes of the United States, and is one which could have been brought originally in this Court.

WHEREFORE, Defendant has removed this cause to the United States District Court for the Northern District of Illinois.

DATED: January 22, 2008                    Respectfully submitted,

                                           SERUMIDO, LTD.


                                    By: _____
                                           One of the Attorneys for Defendants


Robert T. Zielinski
Miller Canfield Paddock and Stone, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Phone (312) 460-4216
Fax: (312) 460-4201
*Attorneys for Defendant*
www.zielinski@millercanfield.com

CHLIB:6677.1\135437-00001

## CERTIFICATE OF SERVICE

I, Robert T. Zielinski, certify that on January 22, 2008, I caused the attached **Notice of Removal** to be sent via regular mail, postage prepaid to the attorney of record at the following address:

Law Offices of Hall Adams, LLC
77 W. Wacker Drive, Suite 4800
Chicago, IL  60601

Law Offices of Peter S. Stamatis, PC
77 W. Wacker Drive, Suite 4800
Chicago, IL  60601

One of the Attorneys for Defendants

CHLIB:6666.1\135437-00001

15

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

CCG N001-10M-1-07-05 (                                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

FORTUNA GRASSANO

v.

SERUMIDO, LTD., an Illinois corporation

No. _____

Please Serve:
Serumido, Ltd.
c/o Paul M. Lukes
100 Tower Dr., Suite 220
Burr Ridge, Il 60521

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 40587

Name: Hall Adams, Law Offices of Hall Adams LLC

Atty. for: Plaintiff

Address: 77 West Wacker Drive, Suite 4800

City/State/Zip: Chicago, IL 60601

Telephone: 312-606-8711

Service by Facsimile Transmission will be accepted at: _____

WITNESS, ____DEC 04 2007____, _____

_____
Clerk of Court

Date of service: 12-20-2007
(To be inserted by officer on copy left with defendant
or other person)

_____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**

A

7317

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

FORTUNA GRASSANO,                          )
                                           )
          Plaintiff,             )
                                           )
    v.                                   )          No.
                                           )
SERUMIDO, LTD., an Illinois                )
corporation,                               )
                                           )
          Defendant.             )

## COMPLAINT

Plaintiff, Fortuna Grassano, by her attorneys, Law Offices of Hall Adams LLC

and Law Offices of Peter Stamatis, P.C., states as follows for her Complaint against

defendant Serumido, Ltd., an Illinois corporation:

### Allegations Common To All Counts ("Common Allegations")

1.      Defendant is an Illinois corporation having its principal place of business,

registered office and agent and doing business in the County of Cook, State of Illinois.

2.      At all relevant times, defendant operated a restaurant under the trade

name *Spacca Napoli* ("restaurant").

3.      At all relevant times, Jonathan Goldsmith ("Goldsmith") was acting as an

agent/employee of defendant within the course of said agency/employment.

4.      On or about 14 February 2006, Goldsmith recruited and hired plaintiff to

work as the restaurant's Principal Pizzaiolli (pizza maker).

5.　　Plaintiff is a native of Formia, Italy, who offered defendant experience and expertise as a Pizzaiolli as well as access to recipes that enabled defendant to produce, serve and sell authentic, specialty pizzas using a custom-built pizza oven.  In addition, plaintiff possessed and provided defendant with other recipes featured prominently in defendant's menu including eggplant, zucchini, cuttlefish, salmon and specialty breads.

6.　　During the course of plaintiff's employment by defendant, defendant featured plaintiff, plaintiff's genuine ethnicity, plaintiff's experience, expertise and recipes as a Pizzaiolli in its advertisements, promotions, public relations efforts and marketing.

### Count I - Wrongful Termination/Unlawful Retaliatory Discharge For Exercise Of Rights Under Worker's Compensation Act, 820 ILCS 305/1, et seq.  ("WCA")

1. - 6.  Plaintiff restates and realleges the allegations contained in paragraphs (1) - (6) of the Common Allegations of her Complaint as if the same allegations were set forth here for her allegations of paragraphs (1) - (6) of this Count I of her complaint.

7.　　On or about 15 December 2006, plaintiff sustained an injury while working in the course of and within the scope of her employment with defendant ("injury").

8.　　Thereafter, in December 2006, plaintiff asserted her legal rights and made a claim for benefits under the WCA.

2

9. Defendant subsequently terminated plaintiff's employment as a proximate result of and in retaliation for plaintiff having exercised her legal rights and asserted a claim for benefits under the WCA.

10. Plaintiff was damaged as a proximate result of defendant's retaliatory and wrongful termination of her employment.

WHEREFORE, plaintiff demands that judgment be entered in her favor for a sum in excess of $50,000 plus punitive damages and costs.

Plaintiff demands trial by jury.

### Count II - Wrongful Termination/Retaliatory Discharge For Exercise Of Rights To Overtime Pay Under Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. (WPCA) and Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA")

1. - 6. Plaintiff restates and realleges the allegations contained in paragraphs (1) - (6) of the Common Allegations of her Complaint as if the same allegations were set forth here for her allegations of paragraphs (1) - (6) of this Count II of her complaint.

7. During the period 14 February 2006 - 29 October 2006, plaintiff worked approximately 787 overtime hours for which she was entitled to and had accrued a right to be paid wages at overtime rates of pay but for which overtime wages plaintiff made repeated demands on Goldsmith, to no avail.

8. On or before 1 December 2006, plaintiff engaged counsel to make formal written demand for plaintiff's accrued but unpaid overtime pay and other rights under WPCA and the FLSA and on or about 1 December 2006, plaintiff's counsel made such formal, written demand.

3

9. In response to the formal, written demand alleged in paragraph (8), above, defendant ultimately and eventually paid the overtime wages on or about 5 March 2007.

10. Defendant terminated plaintiff as a proximate result of and in retaliation for plaintiff having exercised her rights under the FLSA.

11. Plaintiff was damaged as a proximate result of defendant's wrongful retaliatory discharge of her employment.

WHEREFORE, plaintiff demands that judgment be entered in her favor for a sum in excess of $50,000 plus punitive damages and costs.

Plaintiff demands trial by jury.

*Count III - Breach of Oral Contract To Share Profits/Promissory Estoppel*

1. - 6. Plaintiff restates and realleges the allegations contained in paragraphs (1)-(6) of the Common Allegations of her Complaint as if the same allegations were set forth here for her allegations of paragraphs (1) - (6) of this Count III of her complaint.

7. Goldsmith first interviewed plaintiff in January of 2006 at the restaurant; plaintiff's husband, Francesco Grassano ("Francesco") also attended this meeting ("first interview meeting").

8. At the first interview meeting, plaintiff informed Goldsmith that she had been offered a position by one of defendant's competitors and that the competing offer included a wage rate of $22 per hour, three weeks of paid vacation per year and 25% of the competitor's annual profits; Goldsmith responded that defendant would match and exceed this competitor's offer.

4

9.    Approximately two days after the first interview meeting, plaintiff and Francesco met again with Goldsmith at the restaurant and, in consideration for plaintiff's accepting and performing the position of defendant's Pizzaiolli, Goldsmith offered and promised to pay plaintiff $26 per hour, plus overtime, plus three weeks paid vacation plus to pay plaintiff annually 30% of defendant's annual profit and further to increase plaintiff's base hourly wage rate to $30 after "a couple of months".

10.    Plaintiff accepted the terms and consideration recited in paragraph (9), above, and in consideration for which she accepted the position and duties as defendant's Pizzaiolli, thereby forming an oral contract of employment between plaintiff and defendant ("contract").

11.    Plaintiff performed all of her obligations under the contract of the parties until defendant terminated her employment as alleged herein above routinely working 65 - 70 hours per week for defendant and providing and implementing the use in defendant's restaurant of numerous recipes to which Goldsmith and defendant attributed significant improvement in the restaurant's menu, its reviews and, consequently, its volume of business and profitability.

12.    Over the course of the weeks and months that plaintiff continued to perform under the contract, plaintiff repeatedly inquired of Goldsmith about the status of the preparation of the writing by which defendant had indicated he intended that the parties would reduce the contract to writing; each time, Goldsmith responded that he

5

had assigned this task to his and/or defendant's "lawyers" to whom he ascribed responsibility for the delay.

13. After repeatedly inquiring of Goldsmith as alleged in paragraph (12), above, plaintiff informed Goldsmith that she did not believe that he intended to honor his/defendant's promises to increase her basic wage rate to $30 per hour, to pay her 30% of defendant's annual profit and/or to reduce his/defendant's promises to this effect to writing, she intended to resign and depart her position as defendant's Pizzaioli; in response, Goldsmith again assured plaintiff that his/defendant's lawyers would soon have a document drafted that would memorialize the terms of the contract between the parties.

14. Defendant breached. Defendant did not increase plaintiff's basic rate of pay to $30 per hour and has never paid plaintiff any share, much less 30%, of defendant's annual profits for even a single year.

15. Plaintiff reasonably and justifiably relies to her detriment upon the promises of defendant, by Goldsmith, as alleged herein above, *inter alia*, the following respects:

> a) decided to pass up a competitive offer that included a share of the competitor's profits; and
> b) worked hours she would not have work for defendant; and
> c) shared her valuable recipes with defendant.

6

16.    Accordingly, plaintiff was damaged as a proximate result of defendant's breach of the oral contract between the parties, which defendant is estopped from denying based upon plaintiff's detrimental reliance as alleged hereinabove.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000 plus costs.

Plaintiff demands trial by jury.

### Count IV - Accounting

1. - 16.    Plaintiff restates and realleges the allegations contained in paragraphs (1) - (16) of the Count III and as if the same allegations were set forth here for her allegations of paragraphs (1) - (16) of this Count IV of her complaint.

WHEREFORE, plaintiff demands an accounting of defendant's annual profits for the period of her employment.

### Count V - Promissory Fraud

1. - 16.    Plaintiff restates and realleges the allegations contained in paragraphs (1) - (16) of the Count IV and as if the same allegations were set forth here for her allegations of paragraphs (1) - (16) of this Count V of her complaint.

17.    Defendant made the representations and promises alleged in paragraph (9), above, with the intent that plaintiff rely upon them by accepting the offered position of employment, forgoing a competitor's offer of employment and sharing with defendant her valuable recipes and skill.

7

18.     The representations and promises alleged in paragraph (9), above, were material to plaintiff; plaintiff would not have accepted the offered position of employment, forgone a competitive offer of employment and/or shared her valuable recipes and skill with defendant but for these representations and promises.

19.     Defendant, by Goldsmith, knew when Goldsmith made the representations and promises alleged in paragraph (9), above, that those representations were false when made and that he/defendant had no intention of ever honoring those promises to plaintiff.

20.     Defendant's knowingly false representations and promises to plaintiff constituted a fraud upon plaintiff.

21.     Plaintiff sustained damage as a proximate result of defendant's fraud upon her.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000 plus costs and punitive damages.

Plaintiff demands trial by jury.

FORTUNA GRASSANO

By: _____

One of Her Attorneys

Law Offices of Hall Adams, LLC
77 West Wacker Drive, Suite 4800
Chicago, IL 60601
Attorney ID: 40587

8

Law Offices of Peter S. Stamatis, PC
77 West Wacker Drive, Suite 4800
Chicago, IL  60601
Attorney ID: