7317

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FORTUNA GRASSANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 0458 |
| | ) | |
| SERUMIDO, LTD., an Illinois corporation, | ) | Mag. Judge Nolan |
| | ) | |
| | ) | Judge Milton Shadur |
| Defendant. | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM

NOW COMES, FORTUNA GRASSANO, by and through her attorney, Law Offices of Hall Adams, LLC, and for her Reply to Defendant's Affirmative Defenses and Counterclaim, respectfully states as follows:

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims for contractual relief are barred in whole or in part by the statue of Frauds.

**ANSWER:** Plaintiff denies the allegations in paragraph 1 of Defendant's affirmative defenses.

2. Plaintiff's claims for equitable relief are barred in whole or in part by her unreasonable delay in raising them.

**ANSWER:** Plaintiff denies the allegations in paragraph 2 of Defendant's affirmative defenses.

3. Plaintiff's claims for damages are barred in whole or in part by the doctrine of unclean hands.

**ANSWER:** Plaintiff denies the allegations in paragraph 3 of Defendant's affirmative defenses.

4. Plaintiff's claims for damages are barred in whole or in part by her failure to take reasonable steps to mitigate her damages.

**ANSWER:** Plaintiff denies the allegations in paragraph 4 of Defendant's affirmative defenses.

5. Plaintiff's claims for relief in contract or quasi contract are barred by her failure to substantially and in good faith perform her obligations under the alleged contracts.

**ANSWER:** Plaintiff denies the allegations in paragraph 5 of Defendant's affirmative defenses.

6. Plaintiff's claims for relief in contract or quasi-contract are barred by her substantial and material breach of her obligations under the alleged agreements.

**ANSWER:** Plaintiff denies the allegations in paragraph 6 of Defendant's affirmative defenses.

7. Plaintiff's claims are barred by her breach of fiduciary duties owed to Defendant.

**ANSWER:** Plaintiff denies the allegations in paragraph 7 of Defendant's affirmative defenses.

### COUNT I – FRAUD

1. Plaintiff, Fortuna Grassano, was employed on an at will basis by Defendants beginning in February 2006.

**ANSWER:** Plaintiff denies the allegations in paragraph 1 of Count I of Defendant's counterclaims.

2.     On or about December 15, 2006 Grassano left work, claiming to have sustained an injury at work.

ANSWER:   Plaintiff denies the allegations in paragraph 2 of Count I of Defendant's counterclaims.

3.     Plaintiff did not in fact injure herself at work.

ANSWER:   Plaintiff denies the allegations in paragraph 3 of Count I of Defendant's counterclaims.

4.     From December 2006 until the present, Plaintiff has never communicated to Defendant that she was physically able and ready to return to work.

ANSWER:   Plaintiff denies the allegations in paragraph 4 of Count I of Defendant's counterclaims.

5.     On information and belief, Plaintiff was released to return to work by her physician on in approximately November 2007.

ANSWER:   Plaintiff denies the allegations in paragraph 5 of Count I of Defendant's counterclaim.

6.     Plaintiff did not inform Defendant of her release to return to work, and did not present herself for a return to active employment by Defendant when she was released to return to work by her physician.

ANSWER:   Plaintiff denies the allegations in paragraph 6 of Count I of Defendant's counterclaim.

7.     Upon information and belief, during all or most of the time that Plaintiff remained off from work receiving workers compensation benefits, Plaintiff was in fact fully capable of working either for Defendant or another employer.

ANSWER:   Plaintiff denies the allegations in paragraph 7 of Count I of Defendant's counterclaims.

8.     Plaintiff knowingly and falsely represented that she had been injured and that she continued to be unable to work in the period from December 2006 to November 2007.

**ANSWER:** Plaintiff denies the allegations in paragraph 8 of Count I of Defendant's counterclaims.

9. As a result of Plaintiff's false representations, Defendant, through its carrier, was required to pay workers compensation benefits to Plaintiff.

**ANSWER:** Plaintiff denies the allegations in paragraph 9 of Count I of Defendant's counterclaim.

10. During the course of time that Plaintiff was falsely claiming to be unable to work and collecting workers compensation benefits from Defendant and its carrier, Plaintiff was actually working actively to set up a competing business. Upon information and belief, Plaintiff engaged in the fraud because she did not wish to return to work for Defendant but wished to have Defendant subsidize her efforts to start the new restaurant.

**ANSWER:** Plaintiff denies the allegations in paragraph 10 of Count I of Defendant's counterclaim.

## COUNT II – BREACH OF FIDUCIARY DUTIES

7. Plaintiff was employed at will by Defendant beginning in February 2006.

**ANSWER:** Plaintiff denies the allegations in paragraph 7 of Count II of Defendant's counterclaims.

8. Plaintiff continued in active employment with Defendant until December 15, 2006 when she left work claiming to have injured herself at work.

**ANSWER:** Plaintiff denies the allegations in paragraph 8 of Count II of Defendant's counterclaims.

10. Plaintiff never returned to active employment with Defendant following December 15, 2006.

**ANSWER:** Plaintiff denies the allegations in paragraph 10 of Count II of Defendant's counterclaims.

11. Upon information and belief, Plaintiff was released to return to work with no restrictions sometime in November 2007.

**ANSWER:** Plaintiff denies the allegations in paragraph 11 of Count II of Defendant's counterclaim.

12. Plaintiff did not seek to return to Defendant's employment, nor did she advise Defendant of her release to return to work.

**ANSWER:** Plaintiff denies the allegations in paragraph 12 of Count II of Defendant's counterclaim.

13. During the time that Plaintiff was off form work, ostensibly for the reason that she was physically incapable of working, Plaintiff was in fact capable of working and was actively endeavoring to set up and create a competing enterprise to Defendant.

**ANSWER:** Plaintiff denies the allegations in paragraph 13 of Count II of Defendant's counterclaim.

14. Plaintiff never intended to return to work at the end of her workers compensation leave, and wrongly hid that fact from Defendant.

**ANSWER:** Plaintiff denies the allegations in paragraph 14 of Count II of Defendant's counterclaim.

15. As an employee of Defendant, Plaintiff owed Defendant a duty of loyalty and faithful service.

**ANSWER:** Plaintiff denies the allegations in paragraph 15 of Count II of Defendant's counterclaim.

16. Plaintiff breached her common law duty of loyalty and faithful service in various and diverse ways during the course of her active employment, by acts such as:

   a. failing to report and taking active steps to conceal thefts committed by a co-employee to whom Plaintiff was related;

   b. disparaging Spaccanapoli and its products and services both directly and through her agent, Francesco Grassano;

      c.      attempting to interfere in the relationships between Defendant and its employees by among other things threatening to put Spaccanapoli out of business and making false representations regarding Spaccanapoli and its owner Jonathan Goldsmith.

**ANSWER:**  Plaintiff denies the allegations in paragraph 16 and subparagraphs (a) through (c) of Count II of Defendant's counterclaim.

17.  In addition, to the breaches recited in paragraphs 16, Plaintiff further breached her duties of loyalty to Defendant by the conduct described in Count I of this counterclaim.

**ANSWER:**  Plaintiff denies the allegations in paragraph 17 of Count II of Defendant's counterclaim.

18.  Plaintiff's disloyal actions were the proximate cause of harm to Defendant in the form of harm to its reputation and increases in its costs of doing business.

**ANSWER:**  Plaintiff denies the allegations in paragraph 18 of Count II of Defendant's counterclaim.

19.  In addition to the harms caused to Defendant, Plaintiff's disloyalty requires a forfeiture of all compensation earned from Defendant during the period of plaintiff's disloyalty.

**ANSWER:**  Plaintiff denies the allegations in paragraph 19 of Count II of Defendant's counterclaim.

          Respectfully submitted,

          Fortuna Grassano, Plaintiff

          By:  _____s/ Hall Adams_____
                One of Plaintiff's Attorneys

Hall Adams
Law Offices of Hall Adams LLC
77 West Wacker Drive, Suite 4800
Chicago, IL  60601
Attorney's I.D. #6194886

Peter S. Stamatis
Law Offices of Peter S. Stamatis, P.C.
77 West Wacker Drive
Suite 4800
Chicago, IL  60601
Attorney I.D. #6217496