7317

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| FORTUNA GRASSANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SERUMIDO, LTD., an Illinois corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff, Fortuna Grassano, pursuant to Rule 36 of the Federal Rules of Civil Procedure, states as follows as her Answers to Defendant's First Set of Requests for Admission.

1. On December 15, 2006 Grassano reported that she had fallen and injured her back and/or wrist while at work. (The injuries reported by Plaintiff on December 15, 2006 will be referred to hereinafter as "the Workers' Compensation Injury"). Plaintiff left work that day to seek medical treatment.

**ANSWER:** **ADMIT.**

2. Plaintiff filed a claim for Workers' Compensation benefits with regard to the Workers' Compensation Injury.

**ANSWER:** **ADMIT.**

3. Plaintiff received both temporary disability benefits and reimbursement for medical treatments from Defendant's Workers' Compensation Insurance Carrier.

**ANSWER:** **ADMIT.**

4. From December 16, 2006 to the present, Grassano has not performed any work or services for Defendant.

2007, Plaintiff was continuously under a doctor's instructions not to return to work at Defendant due to the Workers' Compensation Injury.

**ANSWER:   ADMIT.**

     6.     Plaintiff received temporary total disability benefits from Defendant's Workers' Compensation Insurance Carrier from December 2006 to November 8, 2007.

**ANSWER:   ADMIT.**

     7.     Plaintiff's receipt of the Workers' Compensation benefits described in paragraph 6 were based in part on her representations that she was medically unable to work, as a result of the Workers' Compensation Injury, for the period from December 15, 2006 through early November 2007.

**ANSWER:   ADMIT.**

     8.     From December 15, 2006 until at least August 2, 2007, Plaintiff was continuously under a doctor's instructions not to return to work at Defendant as a result of the Workers' Compensation Injury.

**ANSWER:   ADMIT.**

     9.     As of August 3, 2007, Plaintiff's physician had not released Plaintiff to return to work from the Workers' Compensation Injury.

**ANSWER:   ADMIT.**

     10.     On September 6, 2007, Plaintiff had an appointment with her treating physician Dr. Slack. At that time, Dr. Slack indicated that Plaintiff continued to be unable to return to work and would remain so for at least another four weeks. Attached hereto as Exhibit A is a true and accurate copy of the note Dr. Slack provided to Plaintiff at that time.

**ANSWER:   ADMIT.**

11. Plaintiff did not give or transmit a copy of Exhibit A to Defendant.

**ANSWER:   DENIED.**

12. Plaintiff was released to return to work by her physician in November 2007.

**ANSWER:   DENIED.**

13. After being released to return to work from the Workers Compensation Injury, Plaintiff did not report to Defendant that she had been released to return to work.

> **ANSWER:   ADMIT, for the reason that Defendant's counsel had previously notified Plaintiff's counsel that Defendant had previously terminated Plaintiff's employment.**

14. After being released to return to work from the Workers Compensation Injury, Plaintiff did not inform Defendant that she was physically able and willing to return to work at Defendant.

> **ANSWER:   ADMIT, for the reason that Defendant's counsel had previously notified Plaintiff's counsel that Defendant had previously terminated Plaintiff's employment.**

15. After being released to return to work from the Workers Compensation Injury, Plaintiff did not make any effort to return to active employment with Defendant.

> **ANSWER:   ADMIT, for the reason that Defendant's counsel had previously notified Plaintiff's counsel that Defendant had previously terminated Plaintiff's employment.**

16. After being release to return to work from the Workers Compensation Injury, Plaintiff did not contact Defendant about possible resumption of active employment.

> **ANSWER:   ADMIT, for the reason that Defendant's counsel had previously notified Plaintiff's counsel that Defendant had previously terminated Plaintiff's employment.**

17. After being released to return to work, Plaintiff did not provide Defendant with any documentation of the fact that she had been released to return to work.

**ANSWER: DENIED. All such documents were provided to Defendant's agent including its worker's compensation Insurance carrier and attorneys.**

18. During the period October 2006 to August 2007, Gwen V. Carroll was acting Plaintiff's attorney in regard to dealings with Defendant.

**ANSWER: ADMIT.**

19. Exhibit B hereto is a draft employment agreement prepared by Gwen V. Carroll on behalf of Plaintiff.

**ANSWER: ADMIT.**

20. With the exception of any share of Defendant's profits which Plaintiff claims may be due to her, Defendant paid to Grassano prior to the initiation of this lawsuit, all wages, overtime payments, liquidated damages and benefits which Plaintiff claims to have been due to her as a result of her work at Defendants.

**ANSWER: ADMIT to wages, overtime: Denied to liquidated damages for which claims are asserted in this case.**

21. Other than a share in Defendant's profits, Plaintiff does not claim that there is any other compensation due to her from Defendant for work performed by Plaintiff.

**ANSWER: DENIED.**

22. For the calendar year 2006, Defendant's restaurant venture known as Spacca Napoli did not earn any profits.

**ANSWER: I can not admit or deny this fact due to insufficient knowledge and the data needed to do so are in exclusive possession and control of**

**Defendant.**

23.   For the calendar year 2007, Defendant's restaurant venture known as Spacca Napoli did not earn any profits.

**ANSWER:    I can not admit or deny this fact due to insufficient knowledge and the data needed to do so are in exclusive possession and control of Defendant.**

24.   Plaintiff performed no work on behalf of or for the benefit of Defendant during calendar year 2007.

**ANSWER:    ADMIT.**

25.   During calendar year 2007, Plaintiff did not report for work or provide to Defendant any doctor's notes or other medical information.

**ANSWER:    DENIED.**

26.   After December 16, 2006, Plaintiff did not communicate with Defendant regarding her medical condition.

**ANSWER:    DENIED.**

27.   Following her Workers' Compensation Injury, Grassano did not communicate with Goldsmith regarding her medical condition or the likely duration of her medical incapacity from working.

**ANSWER:    DENIED.**

Under penalty as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily

believes the same to be true.

_____  3-20-08
Signature                                    Date

Dated: 3-20-08

Fortuna Grassano
Plaintiff

    The foregoing instrument was acknowledged before me this 20 day of March, 2008,

by _____.