```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

FORTUNA GRASSANO,              )
                               )
              Plaintiff,       )
                               )
     v.                        )      No.  08 C 458
                               )
SERUMIDO, LTD.,                )
                               )
              Defendant.       )
```

<u>MEMORANDUM ORDER</u>

As part of the post-Final-Pretrial-Order preparation of the parties for trial, defendant Serumido, Ltd. ("Serumido") has moved in limine to exclude plaintiff Fortuna Grassano ("Grassano") Ex. 1, an email exchange between counsel for the parties.  Serumido's counsel seeks to invoke Fed. R. Evid. ("Rule") 408 as the predicate for the exclusion of that exhibit. This Court has reviewed Serumido's motion in limine, and it denies the requested exclusion.

To that end this Court has prepared a proposed redaction of the email exchange (comprising a July 31, 2007 email from Grassano's lawyer to Serumido's lawyer and an August 3, 2007 response from Serumido's counsel), and it attaches a copy of the redacted document to this memorandum order as its Ex. 1.  As so redacted, nothing in the statement by Serumido's counsel fits the exclusions set out in Rule 408:

> Evidence of (1) furnishing or offering or promising to
> furnish, or (2) accepting or offering or promising to
> accept, a valuable consideration in compromising or
> attempting to compromise a claim which was disputed as

to either validity or amount, is not admissible to
prove liability for or invalidity of the claim or its
amount.  Evidence of conduct or statements made in
compromise negotiations is likewise not admissible.

By contrast, the admission set out in the response by
Serumido's counsel is a straightforward acknowledgment that the
decision to terminate Grassano's employment was Serumido's as she
has claimed:

For his part, Mr. Goldsmith had already reached the
decision to terminate Ms. Grassano effective when the
restaurant took its holiday break.

And that statement is plainly admissible as nonhearsay under Rule
801(d)(2)(D).

In sum, Serumido's motion in limine is denied.  This Court
will, however, entertain input from counsel for the parties as to
the scope of the proposed redaction--as to whether the attached
suggested version needs any tweaking.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 30, 2009

From: Zielinski, Robert T. <rzielinski@mcgulrewoods.com>
To: gvclaw@aol.com
Subject: RE: Nella Grassano and Spacca Napoli
Date: Fri, 3 Aug 2007 3:35 pm

Dear Gwen,

Thanks for you letter. I too prefer to avoid rehash of our prior discussions.

As I told you when last we talked (back in June or maybe even May), my client has no desire to enter into an arrangement such as you are proposing.

I am somewhat surprised at, and frankly dubious of, your suggestion that Ms. Grassano remains interested in working at Spacca Napoli. It is my understanding that she has not reported for work, notified Mr. Goldsmith of her condition, communicated any on-going interest in employment, or indeed communicated with him in any way since December 2006. As you know from our previous discussions, Mr. Goldsmith was in the process of ending the relationship between Spacca Nappoli and Grassano even before she had her "accident".

Goldsmith had already reached the decision to terminate Ms. Grassano effective when the restaurant took its holiday break. There is no reason to believe that the employment relationship would be any more satisfactory to Mr. Goldsmith or to Ms. Grassano now than it was in December 2006.

Sincerely,

RTZ

-----Original Message-----
From: gvclaw@aol.com [mailto:gvclaw@aol.com]
Sent: Tuesday, July 31, 2007 3:12 PM
To: Zielinski, Robert T.
Subject: Nella Grassano and Spacca Napoli

Dear Bob:

My Client, Nella Grassano, may be released to go back to work as early as this Friday. She is prepared to return to work unless she is fired or she has entered into a separation, waiver, and release agreement with her employer.

Please give me a call after you have had an opportunity to speak with your client. In the meantime, if I learn anything further on Nella's return-to-work release, I will let you know.

EXHIBIT
C